**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| ALFREDO C. MICHEL, ) | |
| Register No. 1005390, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4215-CV-C-NKL |
| ) | |
| MR. CORSER, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT, RECOMMENDATION AND ORDER**

     Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named as defendants are David Dormire, Mr. Corser, Don Keemper, Mr. Lowhmeyer, Mr. Campbel and Mr. McCarhty. Plaintiff makes numerous allegations within his complaint which generally relate to defendants allegedly putting poison in his medication, food and drinks and harassing and conspiring to kill him.

     Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only

exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

"The court may consult its own records as an aid in determining whether the complaint is frivolous."  *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975).  Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915.  *Id.*, 518 F.2d at 367.  The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee.  *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  Thus, while plaintiff may be entitled to proceed in forma pauperis to prosecute claims which are not otherwise "frivolous or malicious" under 28 U.S.C. § 1915, he is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions.

In the instant case, plaintiff's claims are similar, if not identical, to those claims he recently filed in *Michel v. Dormire*, No. 05-4178 (W.D. Mo. filed July 27, 2005), and *Michel v. Heather*, No. 05-4187 (W.D. Mo. filed July 29, 2005), which are pending before the court.  Therefore, plaintiff's claims in this case should be dismissed as frivolous, because they are duplicative of claims already filed with the court.

In light of the foregoing, plaintiff's supplemental motions regarding poison should be denied.

Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence.  It is further

ORDERED that plaintiff's supplemental motions regarding poison are denied, without prejudice [5, 8].  It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, as frivolous.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $250.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $250.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. *See* 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 18th day of August, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge